[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2011
JOHN LEY
CLERK

No. 10-13509
Non-Argument Calendar

D.C. Docket No. 1:09-cr-00220-RWS-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MARGARITO SOSA,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

(June 20, 2011)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Margarito Sosa ("Sosa") appeals his 36-month sentence, imposed after he pleaded guilty to illegally reentering the United States after being deported, in violation of 18 U.S.C. §§ 1326(a) and (b)(2). When calculating the applicable guidelines range of 46 to 57 months, the district court applied a 16-level enhancement to Sosa's criminal offense level based on a previous conviction for aggravated assault causing bodily injury, and pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). On appeal, Sosa argues that his sentence was substantively unreasonable because (1) pursuant to *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), the 16-level enhancement over-represented his criminal history; and (2) the district failed to adequately consider several mitigating factors that he presented, including his history and characteristics.

We review all sentences for reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). The district court is required to impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct,

and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. *Id*. §§ 3553(a)(1), (3)-(7).

A sentence is substantively reasonable if it achieves the purposes of sentencing as enumerated in § 3553(a). *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We may reverse a sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). Indicia of substantive reasonableness include being within the applicable guidelines range, *Talley*, 431 F.3d at 788, and the sentence's relation to the applicable statutory maximum. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (considering that defendant's sentence was well below the statutory maximum in finding the sentence substantively reasonable). The appellant carries the burden of demonstrating a sentence is unreasonable in light of the record and the § 3553(a) factors. *Talley*, 431 F.3d at 788.

3

Sosa's 36-month sentence is reasonable. His reliance on *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) is misplaced, because *Kimbrough* only applies to the crack-cocaine sentencing disparity found in the Anti-Drug Abuse Act of 1986. Neither this Court nor other Circuits have applied it to the 16-level enhancement Sosa now challenges. *See, e.g., United States v. Moreno-Padilla*, 602 F.3d 802, 814 (7th Cir. 2010) (rejecting *Kimbrough*-based attack on the enhancement); *United States v. Lopez-Reyes*, 589 F.3d 667, 671 (3d Cir. 2009) (same); *United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir. 2009) (same). Further, the enhancement does not speak to an offender's criminal history, but rather is what the Sentencing Commission has determined to be a necessary deterrent to those who would illegally reenter the United States after having committed a felony crime of violence. *See United States v. Adeleke*, 968 F.2d 1159, 1160 (11th Cir. 1992) (Sentencing Commission may have concluded that an alien who has been convicted of a felony should be strongly deterred from re-entering the United States).

Further, Sosa's sentence falls below the applicable guidelines range, and such sentences are ordinarily expected to be reasonable. *See Talley*, 431 F.3d at 788. Additionally, that Sosa's 36-month sentence also falls well below the maximum 20-year sentence he could have received is evidence of its

reasonableness. *See United States v. Valnor*, 451 F.3d 744, 751-52 (11th Cir. 2006) (citing the fact that the sentence received was "appreciably below" the length of the statutory maximum to support reasonableness determination). While Sosa argues that the district court gave inadequate consideration to several mitigating factors he presented, the record demonstrates that the sentencing judge based a 8-month downward variance on Sosa's mental health and Georgia's lack of a "fast-track program." The district court further considered Sosa's traumatic experiences in Honduras, among other facts implicating § 3553(a) factors. We do not question the weight the district court applies to each § 3553(a) factor. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). Sosa has not demonstrated that the district court committed a clear error of judgment in weighing the § 3553(a) factors. Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**